UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 06-5201 |
| RIVERSIDE ROOFING AND CONSTRUCTION, INC. AND RIVERSIDE ROOFING, INC. | SECTION: "C" (5) |

## ORDER AND REASONS

Before the Court is a Motion to Set Aside Entry of Default filed by defendant Riverside Roofing, Inc. ("Riverside Roofing") (Rec. Doc. 15).  Plaintiff, Allstate Insurance Company ("Allstate") has not filed an opposition to the motion.  The motion is before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the record and the applicable law, the Court finds that setting aside the entry of default is appropriate.

**I. BACKGROUND**

Sandra Tomasetti ("Tomasetti") owned the  property located at 1048 Lakeshore Boulevard, Slidell, Louisiana.  The property was insured by Allstate and was damaged

by wind as a result of Hurricane Katrina.  Allstate claims that it paid Tomasetti $310,045.14 for the damage.

Allstate brought this action against Riverside Roofing and Riverside Roofing and Construction, Inc. ("Riverside Construction") for negligence as Tomasetti's subrogee.[1] In its petition, Allstate alleges that Riverside Roofing and Riverside Construction breached a duty of care to construct a roof on the insured residence "in a safe and reasonable manner so that it would withstand wind damage and prevent water intrusion." See, Rec. Doc. 1.

On October 5, 2006, Allstate attempted to serve both Riverside Roofing and Riverside Construction.  Richard J. Lopez ("Mr. Lopez") is the agent for service of process for Riverside Constriction and Kathleen G. Lopez ("Mrs. Lopez") is the agent for service of process for Riverside Roofing.  The service address for both Mr. and Mrs. Lopez is their residence located at 4837 Aragonne Street, Metairie, Louisiana.  Service was made by leaving a copy of the complaint with John Garrity ("Garrity"), Mrs. Lopez's father, at the referenced address. Garrity has resided with Mr. and Mrs. Lopez since Hurricane Katrina, while his home is being repaired.

---

[1] This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332.  There is complete diversity between the parties.  Allstate is an Illinois corporation with its principal place of business in Illinois, whereas Riverside Roofing and Riverside Constructions are both Louisiana corporations with their principal places of business in Louisiana. Also, there is more than $75,000 in controversy.

2

Both companies forwarded the summons and complaint to their insurance company, Scottsdale Insurance Company ("Scottsdale"). Scottsdale hired local counsel, who filed an answer on behalf of Riverside Construction. However, no answer was filed on behalf of Riverside Roofing.

As a result, Allstate moved for an entry of default against Riverside Roofing. See, Rec. Doc. 8. The Clerk of Court granted the motion and default was entered against Riverside Roofing on March 8, 2007. See, Rec. Doc. 12. Riverside Roofing now moves to set aside that entry of default alleging that service was improper.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown," FED. R. CIV. PRO. 55(c). "Good cause" is not defined in the statute. In examining whether "good cause" has been shown, the district court should consider: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party as presented a meritorious defense to the claims against it. *Lacy . Sitel Corp*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992). The district court may also consider whether the public interest is implicated by the default, whether there was a significant financial loss to the defendant and whether the

defendant moved expeditiously to cure the default. *Dierschke*, 975 F.2d at 184. "All of these factors should be viewed against the background principals that cases should, if possible, be resolved on the merits and that defaults are generally disfavored." *Lambert, et. al. v. Board of Commissioners of the Orleans Levee District, et. al.*, 2006 WL 1581262, at *2 (E.D.La.) (citing, *Lacy*, 227 F.3d at 292).

    Riverside Roofing argues that the default entered against it should be set aside. First, it claims that service was not properly effected upon it. Specifically, Riverside Roofing claims that Allstate attempted domiciliary service, which is not proper service of a corporation under Louisiana law. Riverside Roofing also asserts that the entry of default should be set aside because it was unaware that responsive pleadings had not been filed and it has acted quickly to address the entry of default. Furthermore, Riverside Roofing claims that there would be no prejudice if default is set aside because Allstate still has to prosecute its identical claims against its sister corporation, Riverside Construction.

    Federal Rule of Civil Procedure 4(h) outlines the method for serving process on a corporation. The rule provides that unless otherwise provided by federal law, a corporation from which a waiver of service has not been obtained, can be served

> (1) in any judicial district of the United States in the manner prescribed for individuals by subdivisions (e)(1) or by delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent

> authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

FED. R. CIV. PRO. 4(h). Rule 4(e)(1) provides that service is made upon individuals "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Under Louisiana law, a corporation is served by serving process on any one of its agents for service. LA. CODE CIV. PRO. ANN. art. 1261 (West 2007). However, if there is no agent for service of process or if the person trying to make service certifies that after due diligence he is unable to serve the agent, service can be made by: (1) personal service on any officer, director or person named as such in the corporation's last report filed with the secretary of state; (2) personal service on an employee of suitable age and discretion at the corporation's ordinary place of business; or, (3) by service of process pursuant to La.R.S. § 13:3204, if the corporation is subject to the provisions of La.R.S. § 13:3201.[2]

Allstate thus had three options for effecting service upon Riverside Roofing. It could have delivered the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or law to receive service of

---

[2] La.R.S. § 13:3201 governs personal jurisdiction over nonresidents. Because Riverside Roofing is a Louisiana corporation, this statute does not apply to it. Therefore, it will not be discussed as an option for service on Riverside Roofing.

process. Alternatively, Allstate could have served Riverside Roofing's agent for service of process. Finally, if the person trying to effect service had certified that it was unable to serve Riverside Roofing's agent, after due diligence, Allstate could have served an officer, director or employee of suitable age an discretion as outlined by Louisiana Code of Civil Procedure article 1261.

Garrity is not an officer, managing or general agent of Riverside Roofing. He is not its agent for service of process either. Allstate has not shown that it was unable, after due diligence to serve the agent for service of process, therefore the alternative provisions of Article 1261 are inapplicable. Furthermore, even if those provisions were applicable Garrity is not an officer, director or employee of Riverside Roofing.

Essentially, Allstate attempted domiciliary service upon Riverside Roofing's agent. Because neither Rule 4(h) nor Louisiana law make any provision for domiciliary service on a corporation or its agent, Allstate's service upon Mrs. Lopez's father was clearly insufficient. See, *Slater v. Mid South Extrusion*, 2006 WL 4006129 (W.D.La.) (citing, *Gamble v. Carter*, 378 So.2d 185 (La. App. 1 Cir. 1979)). Thus, Riverside Roofing has not properly been served with process and the entry of default against it must be set aside.[3]

---

[3] The Court notes that Riverside Roofing's default was not willful and setting aside the default will not prejudice Allstate because Riverside Roofing acted quickly to remedy the situation, Allstate still has to prosecute identical claims against Riverside Roofing's sister corporation, Riverside Construction, and Riverside Roofing has filed an answer to Allstate's

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Riverside Roofing's Motion to Set Aside Entry of Default is hereby **GRANTED**.

New Orleans, Louisiana this 19th day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

First Amended Complaint, which is nearly identical to the original complaint (Rec. Doc. 32).