UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 06-5201 |
| RIVERSIDE ROOFING and CONSTRUCTION, INC., ET AL | SECTION: "C"(5) |

### ORDER AND REASONS

Before the Court are a motion to for summary judgment by defendant Riverside Roofing, Inc. ("Riverside Roofing") and a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) or in the alternative for summary judgment by defendant Riverside Roofing and Construction, Inc., ("RRCI"). The plaintiff, Allstate Insurance Company ("Allstate"), opposes the motion of RRCI, but has filed no opposition to the motion of Riverside Roofing. The Court has considered the motions, memoranda of counsel, and the law. For the following reasons, the Court finds that the motion by Riverside Roofing for summary judgment is GRANTED and that the motion to dismiss or in the alternative for summary judgment by RRCI is DENIED.

**I. BACKGROUND**

Sandra Tomasetti ("Tomasetti") is the owner of a residence located at 1048 Lakeshore

1

Boulevard in Slidell, La.  Construction of the residence was completed in early 2000.  Tomasetti purchased the home from Rost Construction, who subcontracted certain portions of its construction, including its roof.  The roofing subcontractor was RRCI.

According to the deposition testimony of Tomasetti, soon after she took possession of the home in early 2000 there were a few leaks from the roof.  She contacted RRCI and the company returned to the house soon thereafter to perform repairs.  Tomasetti testified that she believed the flashing, a part of the roof installed by RRCI, was leaking.  Richard Lopez, the owner of RRCI who went to the home after Tomasetti alerted him of the leaks, believed that the cinder blocks under the roof, which were not part of RRCI's work, needed to be water-proofed.  After a later repair by another company, Slidell Roofing, Tomasetti experienced no further leaks.

Tomasetti held insurance policies issued by Allstate against damage to the home and contents.  The property was damaged by wind as a result of Hurricane Katrina, and Allstate claims that it has paid Tomasetti $310,045.14 for the damage.

Allstate brought this action in August of 2006, as Tomasetti's subrogee, against Riverside Roofing and RRCI.  Allstate asserts negligence in the construction of the roof of Tomasetti's home, which caused the roof to be damaged during the hurricane and also allowed water and wind intrusion into the house that caused extensive damage to personal property located within the building.  Allstate alleges that  RRCI performed the roofing services under a building or construction contract, RCCI contends it simply sold a roofing system to Ms. Tomasetti and then installed that already manufactured system on the newly constructed home.  Therefore, RRCI argues that the Louisiana law of redhibition applies and the relevant prescription periods have

expired. LA. CIV. CODE art. 2520 et seq.[1] Allstate does not seem to dispute that any claim for redhibition is now barred. Rather Allstate argues that its claims sound in contract, not redhibition. According to both Ms. Tomasetti and the owner of RRCI, Richard Lopez, all of the contract documents for the roofing construction or installation were destroyed in the hurricane.

## II. MOTION TO DISMISS AND SUMMARY JUDGMENT STANDARDS

This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.,* 74 F.3d 656, 659 (5th Cir.1996) (citations omitted).

---

[1] RRCI also argues that the opposition of Allstate to its motion was untimely and therefore should be stricken, because it was filed two days late. Though it stresses the importance of timely filing, the Court notes that in this case RRCI was granted additional time to reply to the opposition, and that no prejudice to RRCI has resulted. In fact, the motions by RRCI and Riverside Roofing were themselves filed past the dispositive motions deadline set by this Court, and the Court is exercising considerable patience in hearing this motion. The Court considers the motion on its merits.

When a party brings a Rule 12(b)(6) motion, but seeks to introduce evidence beyond the pleadings, the Court can choose to consider the evidence and convert the motion to a motion for summary judgment.  FED. R. CIV. P. 12(b); *see also Smith v. Tarrant County Hospital Dist.*, 691 F.2d 207, 208 (5th Cir. 1982).  However, if the Court chooses to consider this additional evidence, all parties must be given reasonable opportunity to present all material made pertinent to such a motion for summary judgment by Rule 56.  *Id.*

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).  The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated

assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

As a preliminary matter, Riverside Roofing has moved for summary judgment on the grounds that it did not exist at the time of the alleged faulty construction and that it cannot be held liable for the actions of an entirely separate corporation, RRCI.  This motion appears to be without opposition.  The uncontested facts are that the construction of the Tomasetti home, including the roof, was completed in the beginning of 2000, and that Riverside Roofing, Inc., a corporation existing and organized under the laws of the State of Louisiana, was not formed until August 2, 2005.  Plaintiffs do not assert any theory of liability for which Riverside Roofing can be held liable for the participation of RRCI in the construction of Tomasetti's home.  Thus summary judgment as to Allstate's claims against Riverside Roofing in favor of Riverside Roofing is appropriate.[2]

### III. DISCUSSION

How to classify a contract is not always straightforward, and often a contract will exhibit aspects of both an agreement of sale and for services.  "Classifications of contracts have

---

[2] Because the Court grants summary judgment on these grounds, it is not necessary to separately address the prescription arguments Riverside Roofing adopts and incorporates from Riverside's separate motion to dismiss or in the alternative for summary judgment, which are set forth in the remainder of this opinion.

occasioned the courts some difficulty where the contract includes aspects of the obligation to do and to give.  Where they are inseparable, generally one of the obligations must be determined as fundamental and the rules thereunder will control." *Conmaco, Inc. v. Southern Ocean Corp*., 581 So.2d 365, 369 (La. App. 4th Cir. 1991); writ denied, 586 So.2d 534 (1991).

Allstate argues that the roofing activities performed by RRCI do not constitute a sale of a "thing," as required for a claim under Art. 2520.  It claims that RRCI negligently performed what should properly be considered construction duties under a building contract.  It points to several cases that it argues compel a conclusion that the contract at issue here is not one of sale.  In *Stream v. JeJeune*, a hospital brought an action against a roofer for failure to properly repair its roof in a good and workmanlike manner.  *Stream v. LeJeune*, 352 So.2d 714 (La.App. 3rd Cir. 1977).  The roofer argued that its case was in redhibition, but the court disagreed.  There was no sale involved; it was rather a suit for the "failure by the builder of a roof to perform his work in a good workmanlike manner, free from defects in either materials or workmanship." *Id*. at 717. In *Gulf States Utlitities Company v. Ecodyne*, the federal Fifth Circuit applied Louisiana law and concluded that the contract at issue was not a sale subject to a redhibitory action.  *Gulf States*, 635 F.2d 517 (5th Cir. 181).  Ecodyne supplied design services and materials and supervised contruction of two cooling towers for Gulf States Utility Company, which alleged that Ecodyne had negligently designed the towers and selected the materials used for their construction, which caused the failure of one of the towers.

Allstate cites several other cases that it believes make it clear the present contract between Tomasetti and RRCI was not a sale contract.  *Martin v. AAA Brick Co., Inc*., 386 So.2d

6

987 (La.App.3rd Cir. 1980) (finding that the contract for construction of a fireplace did not involve merely a sale where the contract contemplated the installation and erection of the fireplace at plaintiffs' residence by a defendant who furnished materials as well as the necessary labor and skill in performance of the job); *Bel v. Capital Properties*, 357 So.2d 1330 (La.App.4th Cir. 1978) (finding that a contract to fabricate and install large ornamental canvas awnings was a building contract rather than a sale contract); *Mangin v. Jorgens*, 24 So.2d 384 (La.App. 1946) (finding that a contract to furnish and install a heating system in the premises of defendant was a construction contract because it contemplated the erection and installation of improvements upon the homeowner's premises that involved the furnishing of labor and the contractor's skill in the performance of the job).[3]

Finally, Allstate directs this Court to *Duhon v. Three Friends Homebuilders Corporation*, 396 So.2d 559 (La.App. 3rd Cir. 1981), in which the court discerned from prior cases what it believed to be three major factors in determining whether a contract is a contract of sale or a contract to build: "First, in a contract to build, the 'buyer' has some control over the specifications of the object. Second, the negotiations in a contract to build take place before the object is constructed. Third, and perhaps most importantly, a building contract contemplates not only that one party will supply the materials, but also that that party will furnish his skill and

---

[3] The *Mangin* court distinguished the contract to furnish and install a heating system from a contract for sale in a prior case, which involved merely the sale and installation of an oil burner which was to be attached to an existing hot air heating system on the premises. The contract in *Mangin* involved more skilled and intrusive work: the cutting of floors, running of pipes and other work which placed it in the category of a construction contract. *Mangin*, 24 So.2d at 386.

labor in order to build the desired object." *Id*. at 561.  The court concluded that the contract to build a house did not constitute a contract of sale.  It distinguished the case from two involving contracts to purchase a car and a truck from dealer-sellers, in part because the movable objects at issue in the earlier cases were transferred to their buyers in essentially the same complete state as when they arrived from the manufacturer.

In arguing that the transaction at issue here should be treated as a sale and governed by the law of redhibition, RRCI describes the contract between Tomasetti and itself as for the purchase of a roofing system manufactured by a third-party (Johns Mansville), and that it merely installed or "placed" the roofing system according to Johns Mansville's specifications.   It thus attempts to suggest that the skill and intrusiveness required in performing its duties, compared to that in a building contract, were minimal.  RRCI argues that the contract at issue in *Gulf States*, cited by Allstate and discussed above, is distinguishable because there Ecodyne held design and design performance verification duties in addition to the mere supply and installation duties that RRCI performed.  RRCI further argues that it supplied and installed the roofing system according to the manufacturer's specifications, and under the direction of the architect, designer, and builder, Rost Construction.

RRCI also cites *Conmaco*, which examined the three major factors enunciated by the coiurt in *Duhon*.  The *Conmaco* court distinguished *Duhon* on the basis that in *Duhon* there were no third parties involved in the contract, unlike in the case before it:

> The distinguishing factor in this case is that a third party actually supplied the
> labor and materials necessary for the construction of the object of the contract.

> McKissick [the third party] as manufacturer designed and constructed the block, supplying the labor and materials. The contract between Ocean Salvage, the purchaser, and Conmaco, the seller, merely involved the transfer of the block, after its completion, from the manufacturer to the purchaser.

*Conmaco*, 581 So.2d at 370. This Court does find that *Conmaco*'s third-party analysis is potentially relevant to this case. Here, although presumably Tomasetti had extensive control over the specifications of her home, including the roof, prior to and during its construction, this control was likely primarily exercised relative to the general contractor and architect. To the extent that RRCI merely installed a roofing system according to the design of the architect and the completed manufacture and specifications of Johns Mansville, this factor would weigh less heavily in favor of a determination that the contract at issue is a building contract than in *Duhon*. Second, though RRCI did enter into a contract directly with Tomasetti, this was pursuant to the general contract she had with Rost Construction. Thus any negotiations that took place prior to the construction of the house, and the roof in particular, were likely primarily with Rost Construction. Finally, and most importantly, while RRCI did contract to furnish its skill and labor in order to install the roof, in addition to supplying the materials for the roof, much of the heavy skill and labor involved in the construction of the roof, its design, engineering, and manufacture, were completed by third parties.[4] [5]

---

[4] The *Conmaco* court further noted that "the mere fact that an obligor may be involved in the installation and delivery of the equipment will not change the characteization of the obligation from that of a sales contract...," *citing* FMC Corp. v. Continental Grain Co., 355 So.2d 953 (La.App. 4th Cir. 1977). However, in *Conmaco* itself, the purchaser of the block attached the block to a boom on the derrick barge itself; it appears that the seller-distributor did not perform the installation to the extent that RRCI has in this case. Though installation work in its own right is not enough to transform a contract for sale into a building or construction contract,

Though it is not as clear as Allstate suggests that the contract between RRCI and Tomasetti is not a sales contract, it is also not obvious at this point that it is. This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief, *Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). There is no suggestion in the pleadings that this was not a traditional construction contract, and Allstate's claims on their face do not sound in redhibition. Of course, Allstate cannot avoid the appropriate prescription periods by attempting to characterize what should properly be a redhibition action as something else merely by formulating its complaint in a certain way. But RRCI has not met its burden of proving there is no plausible set of facts that would entitle Allstate to relief. This Court may convert a motion to dismiss to a motion for summary judgment if a party attempts to point to evidence beyond the pleadings, and indeed, RRCI requested this Court to consider its motion in the alternative as a motion for summary judgment. But no statement of uncontested material

---

the extent of skill required for the installation will be an important, if not determinative, consideration for this Court in ultimately deciding how the Tomasetti-RRCI contract should be characterized.

[5] The Court also notes that the presence of significant third parties in the present case may distinguish the contract involved from that in *Stream*, discussed above, which at first look appears quite factually similar. In that case, the only parties were the hospital and a roofing contractor, who replaced an entire roof. Unlike here, there was no general contractor or architect who oversaw the design of the replacement roof, or who was the primary negotiator with the hospital. It is also unclear from the facts of the case what type of roofing was involved, the extent of prefabrication, or the level of skill required in installation. This Court cannot conclude that *Stream* stands for the proposition that any contract involving roofing cannot be a contract of sale which would give rise to a claim in redhibition.

facts was filed with this motion, as required by Local Civil Rule 56.1,[6] making it difficult to discern where there are contested issues of material facts concerning the nature of the contract.

Even considering all the evidence fairly before the Court, it is not clear what kind of contract this was. First, according to both Tomasetti and Lopez, the contract documents themselves were all destroyed in the hurricane. In addition, the Court does not know the nature of the roofing materials, how prefabricated they were prior to installation, or the degree of skill required for installation. In addition, because no statements of material contested and uncontested facts were provided with either the motion or the opposition, the Court does not know to what extent the facts provided in the attachments to the motions are contested. Thus the Court finds that neither dismissal under Rule 12(b)(6) nor summary judgment is appropriate at this time.

V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the motion of Riverside Roofing and Construction, Inc., to dismiss or in the alternative for summary judgment is hereby DENIED. (Rec. Doc. 44).

IT IS FURTHER ORDERED that the motion of Riverside Roofing, Inc., for summary judgment is hereby GRANTED. (Rec. Doc. 46).

---

[6] This is in contrast to the motion for summary judgment filed by Riverside Roofing, which was accompanied by a statement of uncontested material facts, as required by LR 56.1.

New Orleans, Louisiana, this 10th day of October, 2007.

                                      HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE